# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * * *
ERICA URECH,     *
                               *    No. 19-642V
             Petitioner,     *    Special Master Christian J. Moran
                               *
v.                               *    Filed: July 25, 2022
                               *
SECRETARY OF HEALTH    *    Attorneys' Fees and Costs
AND HUMAN SERVICES,     *
                               *
             Respondent.    *
* * * * * * * * * * * * * * * * * * * * *

<u>Jeffrey S. Pop</u>, Jeffrey S. Pop & Associates, Beverly Hills, CA, for Petitioners;
<u>Lara A. Englund</u>, United States Dep't of Justice, Washington, DC, for Respondent.

**<u>UNPUBLISHED DECISION AWARDING
ATTORNEYS' FEES AND COSTS</u>[1]**

     Pending before the Court is Erica Urech's ("petitioner") motion for final attorneys' fees and costs. She is awarded **$21,256.93**.

                        *     *     *

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

On April 30, 2019, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioners alleged that the influenza vaccine she received on November 8, 2016, which is contained in the Vaccine Injury Table, 42 C.F.R. §100.3(a), caused her to suffer from chronic demyelinating polyneuropathy. Petitioner further alleged that she suffered the residual effects of this injury for more than six months. On May 4, 2021, the parties filed a stipulation, which the undersigned adopted as his decision awarding compensation on the same day. 2021 WL 2206428.

On October 21, 2021, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $20,662.70 and attorneys' costs of $594.23 for a total request of $21,256.93. Fees App. at 4. Pursuant to General Order No. 9, petitioner warrants that she has not personally incurred any costs related to the prosecution of her case. Id. On October 22, 2021, respondent filed a response to petitioners' motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner did not file a reply thereafter.

\*   \*   \*

Because petitioner received compensation, she is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e). Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

### A. Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following rates of compensation for the work of her counsel: for Mr. Jeffrey Pop, $420.00 per hour for work performed in 2018, $453.00 per hour for work performed in 2019, $470.00 per hour for work performed in 2020-2021; and for Ms. Alexandra Pop, $225.00 per hour for work performed in 2018, $262.00 per hour for work performed in 2019, and $295.00 per hour for work performed in 2020-2021. Fees App. Ex. 2 at 2. The undersigned has reviewed the requested rates and finds them to be reasonable and consistent with what the undersigned and other special masters have previously awarded to petitioners' counsel for their Vaccine Program work. See, e.g, Boeske v. Sec'y of Health & Human Servs., No. 16-1685V, 2019 WL 2865253 (Fed. Cl. Spec. Mstr. May 24, 2019); Meade v. Sec'y of Health & Human Servs., No. 17-1633V, 2019 WL 4256281 (Fed. Cl. Spec. Mstr. Aug. 14, 2019). Accordingly, the requested hourly rates are reasonable.

### B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and finds the time billed on this matter to be reasonable. The billing entries accurately describe the task performed and how much time it took to perform that task, and their descriptions are detailed enough to permit the undersigned to ascertain their

reasonableness. Upon review, the undersigned did not find any time to be improperly billed, and therefore petitioner is awarded the full amount of attorneys' fees requested.

    C.    <u>Costs Incurred</u>

Like attorneys' fees, a request for reimbursement of costs must be reasonable. <u>Perreira v. Sec'y of Health & Human Servs.</u>, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), <u>aff'd</u>, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $594.23 in attorneys' costs, comprised acquiring medical records, postage and the Court's filing fee. These costs all appear reasonable in the undersigned's experience and shall be fully reimbursed.

    D.    <u>Conclusion</u>

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$21,256.93** (representing $20,662.70 in attorneys' fees and $594.23 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and her counsel, Mr. Jeffrey Pop.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

    **IT IS SO ORDERED**.

                                                       <u>s/Christian J. Moran</u>
                                                    Christian J. Moran
                                                    Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.